## NOTICE OF INTENTION TO APPEAL—PRACTICE.

[Hamilton Circuit Court.]

Cox, Smith, and Swing, JJ.

IN RE NOTICE OF INTENTION TO APPEAL.

**1.** OMISSION TO ENTER NOTICE OF APPEAL.

The notice of an intention to appeal required by sec. 5227, Rev. Stat., to be entered within three days, is not a matter within the control of the court and the omission to enter such notice within the specified time cannot be cured by a *nunc pro tunc* entry.

**2.** NOTICE TO COURT NOT SUFFICIENT.

The notice required by the statute in question must be entered by the party on the record; notice to the judge or court is not a compliance with the statute.

ERROR to the Court of Common Pleas of Hamilton county.

PER CURIAM.

In Moore v. Brown, 10 Ohio, 197, it was held that the omission to enter notice at the term at which the judgment was entered could not be cured by a *nunc pro tunc* order of a subsequent term. This case has not been overruled, and is decisive of the question here presented. The statute then required the notice to be entered at the term, Swan, 1841, p. 682, sec. 124. The statute, sec. 5227, Rev. Stat., now requires the notice to be entered within three days, and so far as this question is concerned, that is the only difference, so that Moore v. Brown, *supra*, controls. The judge's docket is not a record. A verbal notice is not sufficient, nor is the matter within the control of the court. The party must enter notice on the record. Notice to the judge or court is not a compliance with the statute, and the court cannot cure an omission by a *nunc pro tunc* entry of the notice.